```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
PIERRE VINCENT, A#029718049,       :
201 VARICK STREET, 4 FLR, VARICK   :  09 Civ. 3110 (GBD) (JCF)
FEDERAL DETENTION CENTER, NEW YORK,:
NY, 10014,                         :       REPORT and
                                   :       RECOMMENDATION
                Petitioner,        :
                                   :
      - against -                  :
                                   :
U.S. HOMELAND SECURITY, BUREAU OF  :
IMMIGRATION AND CUSTOMS            :
ENFORCEMENT, 201 VARICK STREET, 11 :
FLR., VARICK FEDERAL DETENTION     :
CENTER, NEW YORK, NY, 10014,       :
                                   :
                Respondent.        :
- - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Pierre Vincent, proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS"). For the reasons that follow, I recommend that the petition be denied.

Background

Mr. Vincent, a citizen of Haiti, was admitted to the United States as a Lawful Permanent Resident in the 1970s. (Notice to Appear dated July 22, 2008 ("Notice to Appear"), attached as Exh. A to Letter of Sue Chen dated June 26, 2009 ("Chen Letter"), at 2; Decision of Immigration Court in the Matter of Pierre Eddy Vincent Removal Proceedings dated Feb. 13, 2009 ("Removal Decision"), attached as Exh. C to Chen Letter, at 2). Thereafter, he was convicted of two New York State crimes involving illegal drugs; the first in 1982 for possession of marijuana, and the second in 1988 for the sale of hashish, a controlled substance. (Notice to Appear

1

at 2; Removal Decision at 2-3).  His second conviction was punishable by a sentence of one year or longer.  (Notice to Appear at 2).

On July 22, 2008, DHS served the petitioner with a Notice to Appear, thereby initiating removal proceedings against him.  (Notice to Appear at 3).  According to DHS, Mr. Vincent was subject to removal pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) & (B)(i) because he had been convicted of an aggregated felony and of a controlled substance offense.  (Notice to Appear at 2).  Subsequently, DHS submitted documents showing a 2008 conviction for possession of crack cocaine as a further ground for Mr. Pierre's removal.  (Additional Charges of Inadmissibility/Deportability dated Feb. 11, 2009, attached as Exh. B to Chen Letter; Removal Decision at 2).  On February 13, 2009, an immigration judge found that Mr. Vincent was removable. (Removal Decision at 2, 12).  Mr. Vincent appealed.  Mr. Vincent filed the instant petition on April 1, 2009 while his appeal was pending.[1]  (Petition for Writ of Habeas Corpus).  On June 10, 2009, the Board of Immigration Appeals (the "BIA") affirmed the immigration judge's decision, rendering it the agency's final determination.  (Notice of Board of Immigration Appeals dated June 10, 2009 ("Appeal Notice"), attached as Exh. D to Chen Letter, at 3).

---

[1] At that time, Mr. Vincent was detained at the Varick Federal Detention Facility in New York.  (Petition for Writ of Habeas Corpus).  He is currently detained at the Perry County Correctional Center in Uniontown, Alabama.  (Chen Letter at 2 n.2).

Discussion

    A.    Relevant Statutory Framework

Aliens who have committed certain crimes, including offenses identified in 8 U.S.C. § 1227(a)(2)(A)(iii) & (B)(i), must be detained pending their removal proceedings.  8 U.S.C. § 1226(c); see also Demore v. Kim, 538 U.S. 510, 531 (2003) (upholding constitutionality of § 1226(c)).  Detention is also mandatory during an alien's removal period, the period of time after a final order of removal has been rendered.  8 U.S.C. § 1231(a)(2).  Indeed, "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)."  Id.

An alien must be deported from the United States within 90 days of the date his order of removal becomes final.  8 U.S.C. § 1231(a)(1)(A).  However, even if an alien is not deported within this period of time, continued detention may still be appropriate.  Specifically, an alien who has been found removable pursuant to § 1227(a)(2) "may be detained beyond the removal period."  8 U.S.C. § 1231(a)(6).  Up to six months of detention is "presumptively reasonable" for aliens who remain in the United States beyond the 90-day removal period, provided that eventual removal is reasonably foreseeable.  Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

    B.    The Instant Petition

At the time Mr. Vincent filed the instant petition on April 1, 2009, he was in removal proceedings but awaiting a final order of removal.  At that time, his detention was mandated by 8 U.S.C. §

3

1226(c). As of June 10, 2009, when the BIA denied his appeal of the immigration court's February decision, Mr. Vincent's order of removal became final. See 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge . . . shall become final . . . upon dismissal of an appeal by the [BIA]."). Today, Mr. Vincent is in the midst of his 90-day removal period and detained pursuant to 8 U.S.C. § 1231(a)(2).

Accordingly, to the extent that the petitioner challenges his previous detention as violating 8 U.S.C. § 1226(c), his claims are now moot and cannot be entertained by this Court. See Pyne v. United States Department of Homeland Security Bureau of Immigration and Customs Enforcement, No. 07-0937, 2008 WL 940163, at *2 (D.N.J. April 7, 2008) (finding habeas challenge to pre-removal order detention moot after final order of removal rendered); Reyes-Cardenas v. Gonzales, No. 05 Civ. 5687, 2007 WL 1290141, at *6 (S.D.N.Y. April 30, 2007) (same). To the extent that he challenges his current detention as violating 8 U.S.C. § 1231(a)(2), his claims are meritless. See Zadvydas, 533 U.S. at 683 (stating that under 8 U.S.C. § 1231(a)(2), "after entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody"). See also Farez-Espinoza v. Chertoff, 600 F. Supp. 2d 488, 497 (S.D.N.Y. 2009) (finding that "during the 90-day removal period, detention of the alien is mandatory" under 8 U.S.C. § 1231(a)(2)).

Conclusion

For the foregoing reasons, I recommend that the petition be

denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this report and recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable George B. Daniels, Room 630, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 27, 2009

Pierre Vincent
A29 718 049
Perry County Correctional Center
Route 2, Box 176
Highway 80
Uniontown, AL 36786

Sue Chen, Esq.
Special Assistant United States Attorney
86 Chambers Street
New York, New York 10007

5