UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIERRE VINCENT

          Petitioner,

-v-

U.S. HOMELAND SECURITY, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

          Respondent.

MEMORANDUM DECISION AND ORDER

09 CV 3110 (GBD)

GEORGE B. DANIELS, District Judge:

On February 28, 2009, Petitioner Pierre Vincent brought this writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security. Petitioner alleged that: (a) his detention was finalized by an individual hearing and was "a federal civil violation"; and (b) he has been waiting to be deported despite the expiration of the 184 days for Respondent to do so. At the time the Petitioner filed the instant petition, Petitioner had a pending appeal before the Board of Immigration Appeals ("BIA"), challenging the United States Immigration Court's February 13, 2009 determination that he was removable. Petitioner was thus being detained pursuant to 8 U.S.C. § 1226(c).

This Court referred the matter to Magistrate Judge James C. Francis IV for a Report and Recommendation ("Report"). On June 10, 2009, the BIA denied Petitioner's appeal and entered a final order. Petitioner than entered the 90-day removal period and thus was being detained pursuant to 8 U.S.C. § 1231(a)(2). On July 27, 2009, Magistrate Judge Francis issued a Report recommending that the habeas corpus petition be denied.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

1

to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court has received no objections, and the time to do so has expired.

After carefully reviewing the Report and Recommendation, this Court finds that the Report is not facially erroneous, and adopts the Report's recommendation to deny the habeas corpus petition. To the extent that Petitioner's claims are construed as challenging his initial detention pursuant to 8 U.S.C. § 1226(c), Magistrate Judge Francis properly determined that Petitioner's claims are moot because a final order of removal has already been rendered. To the extent that Petitioner's claims are construed as challenging his subsequent detention pursuant to 8 U.S.C. § 1231(a)(2), Magistrate Judge Francis properly determined that Petitioner's claims are meritless because detention is mandatory under the statute during the 90-day removal period.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 60 (2d Cir. 2001).

## CONCLUSION

Petitioner's habeas corpus petition is DENIED.

Dated: New York, New York
February 2, 2011

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge

3